639 A.2d 675

**Leonard Timothy GARGLIANO**

v.

**STATE of Maryland.**

**No. 71, Sept. Term, 1993.**

Court of Appeals of Maryland.

April 13, 1994.

430

Martha Weisheit, Asst. Public Defender, Stephen E. Harris, Public Defender, on brief, Baltimore, for petitioner.

Annabelle Lisic, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen., on brief, Baltimore, for respondent.

Argued before MURPHY, C.J., RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and CHARLES E. ORTH Jr.,[*] Judge of the Court of Appeals (retired, Specially Assigned).

RAKER, Judge.

In this appeal we are again called upon to construe a criminal statute which requires the imposition of an enhanced penalty on certain repeat offenders. Maryland Code (1957, 1992 Repl.Vol.) Article 27, § 286(c) of the controlled dangerous substances laws provides that a defendant who "previously has been convicted" of a similar offense is subject to a sentence of not less than ten years imprisonment. We are asked here to determine whether the enhanced penalty mandated by § 286(c)[1] is triggered when a defendant is convicted of a prior offense after the commission of, but before sentencing on, the principal offense upon which the enhanced penalty is sought. We hold that the mandatory sentence prescribed by § 286(c) may be imposed only where the conviction for a prior offense precedes the *commission* of the principal offense and, therefore, we reverse.

## I.

A trooper with the Maryland State Police purchased cocaine from Petitioner Leonard Timothy Gargliano at the Royal Exchange Pub in Salisbury in December 1989 and again in January 1990. Gargliano was not arrested after either of these transactions. When the trooper purchased cocaine from Gargliano a third time on December 21, 1990, however, Gargliano was arrested and was at that time charged with not only

---

[*] Orth, J., retired, and specially assigned, participated in the hearing, conference, decision and adoption of this opinion but died prior to the filing of the opinion.

**1.** Unless otherwise specified, all statutory references herein are to Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27.

the latest sale but also with the two earlier sales. Gargliano was first brought to trial on charges arising out of the December 1989 and January 1990 sales and was convicted of two counts of distribution of cocaine on April 4, 1991.

On June 21, 1991, prior to trial on the December 1990 offense, the State served Gargliano with a notice of intent to seek enhanced punishment on the December 1990 offense based upon the two convictions for the earlier sales. On September 27, 1991, upon a not guilty agreed statement of facts, Gargliano was convicted of one count of distribution of cocaine [2] in the Circuit Court for Wicomico County as a result of the December 1990 sale. At sentencing, Gargliano argued that the enhanced penalty mandated by § 286(c) should not apply to a defendant who had neither been charged with nor convicted of a prior offense at the time the principal offense was committed. As is obvious from the above chronology of events, Gargliano committed the December 1990 offense before he was convicted—indeed, before he was even arrested—for either of the two prior sales. The trial judge rejected Gargliano's argument and ruled that § 286(c) is applicable whenever a prior conviction exists at the time of sentencing on the principal offense. Consequently, Gargliano was sentenced to the mandatory penalty of ten years, without parole, to be served concurrent with the sentences he was already serving on his prior convictions.

Gargliano appealed the imposition of the mandatory penalty and the applicability of § 286(c). The Court of Special Appeals held that § 286(c) unambiguously provides for an enhanced penalty if a prior conviction exists at the time of sentencing on the principal offense, even if the prior conviction is obtained after the commission of the principal offense. *Gargliano v. State,* 95 Md.App. 593, 602, 622 A.2d 767, 774 (1993). The mandatory penalty of § 286(c) was therefore held

---

**2.** Three other counts of the indictment, possession of cocaine with intent to distribute, possession of cocaine, and possession of drug paraphernalia, were *nolle prossed* by the State.

to have been properly imposed upon Gargliano. *Id.* at 602, 622 A.2d at 774.

We granted Gargliano's petition for a writ of certiorari to consider whether, under § 286(c), the prior conviction which serves as the enhancing act must have been entered before the principal offense was committed. Reduced to its essentials, the question before us can be stated as follows: where the statute provides for an enhanced penalty if the defendant "previously has been convicted" of a similar offense, has a defendant "previously been convicted" where the conviction for the prior offense is entered after the defendant has committed the crime for which he is presently being sentenced?

## II.

Article 27, § 286, the statute here at issue, provides in relevant part:

(c)(1) A person who is convicted under subsection (b)(1) [3] or subsection (b)(2) [4] of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than ten years *if the person previously has been convicted*:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section; or

(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a

---

**3.** Subsection (b)(1) of § 286 provides, *inter alia,* that any person manufacturing or distributing a Schedule I or II narcotic drug is guilty of a felony and subject to imprisonment for not more than 20 years and/or a fine of not more than $25,000.

**4.** Subsection (b)(2) of § 286 provides, *inter alia,* that a person convicted of manufacturing or distributing certain non-narcotic Schedule I or II drugs is subject to imprisonment for not more than 20 years and/or a fine of not more than $20,000.

violation of subsection (b)(1) or subsection (b)(2) if committed in this State.

(emphasis added). Maryland, like every other state and the federal government,[5] has enacted various statutes which mandate enhanced penalties for certain repeat criminal offenders.[6] Although Article 27 contains numerous enhanced penalty statutes,[7] only a few identify the sequence in which the enhancing act and the principal offense must occur.[8] Section 286(c) does

---

**5.** *See Parke v. Raley*, 506 U.S. ——, ——, 113 S.Ct. 517, 521–22, 121 L.Ed.2d 391, 401–03 (1992) (Repeat offender statutes, enacted in all fifty states and the federal government, "have a long tradition in this country that dates back to colonial times."); *see generally Hawkins v. State*, 302 Md. 143, 150–151, 486 A.2d 179, 183 (1985) (discussing habitual criminal statutes in other states); *Garrett v. State*, 59 Md.App. 97, 112–13, 474 A.2d 931, 938–39, *cert. denied*, 300 Md. 483, 479 A.2d 372 (1984) (same).

**6.** In Maryland, some statutes, like § 286, impose a mandatory enhanced penalty for repeat offenders, *see, e.g.,* §§ 36B(b)(ii) & (iii) (carrying handgun); § 36B(d)(2) (use of handgun in commission of felony or crime of violence); § 281A(b)(2) (use of handgun in drug trafficking offense); § 286D(b)(1)(ii) (distribution of controlled dangerous substance near school grounds); § 643B (crimes of violence), while others merely permit the imposition of an enhanced penalty, *see, e.g.,* §§ 285(d)(4)(ii) & (iii) (sale or possession of non-prescription opium derivative); §§ 287A(d) & (e)(2) (delivery, sale or advertisement of drug paraphernalia); § 293 (controlled dangerous substances violations); § 297B(c)(2) (use of proceeds acquired in drug transaction); § 301A(d) (distribution of unlawful inhalant to minors); § 403B(f)(2) (violations of alcoholic beverages statutes); § 419A(e)(2) (production or distribution of child pornography); § 424 (violation of obscenity laws).

**7.** Although these statutes all serve to increase a repeat offender's sentence, the terminology used in the statutes varies. Some, like § 286(c), provide for an enhanced penalty if the individual has "previously been convicted" of the same or similar offense, *see, e.g.,* § 36B (b)(ii) and (iii), while others refer to a "subsequent conviction" or require that the defendant be "convicted a second time" or more for an enhanced penalty to apply, *see, e.g.,* §§ 285(d)(4)(ii) & (iii); § 287A(e)(2); § 297B(c)(2); § 424. Other statutes refer to the imposition of an enhanced penalty where the defendant commits or is convicted of committing a "second or subsequent offense" or "subsequent violation." *See, e.g.,* § 36B(d)(2); § 281A(b)(2); § 293; § 366; § 403B(f)(2); § 419A(e)(2).

**8.** For example, sections 643B(c) and 286(d)(3) provide that an enhanced penalty applies if the principal offense is committed after a

not identify whether the prior conviction must be previous to the principal offense or merely previous to the sentencing for the enhanced penalty to apply.

### III.

■ The lodestar of statutory construction is to ascertain and effectuate legislative intent. *See, e.g., Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991); *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471, 474 (1988); *Hawkins v. State,* 302 Md. 143, 147, 486 A.2d 179, 181 (1985). We consider the goals or purpose to be served by the statute and the evils or mischief the General Assembly sought to remedy, and construe the statute in accordance with its general purposes and policies—"to remedy some evil, to advance some interest, to attain some end." *Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628, 632 (1987).

■ When called upon to construe a particular statute, we begin our analysis with the statutory language itself, as the words of the statute, given their ordinary and popularly understood meaning, are the primary source of legislative intent. *See, e.g., Dickerson v. State,* 324 Md. 163, 170–71, 596 A.2d 648, 651 (1991); *State v. Bricker,* 321 Md. 86, 92, 581 A.2d 9, 12 (1990); *Jones v. State,* 304 Md. 216, 220, 498 A.2d 622, 624 (1985). If the language of the statute is plain and clear and expresses a meaning consistent with the statute's apparent purpose, no further analysis is ordinarily required. *See, e.g., Kaczorowski v. City of Baltimore,* 309 Md. at 515,

---

charging document has been filed for the prior offense. Sections 643B(c) and 286(d)(3), as well as sections 643B(b) and 286(e), also provide that the defendant must have been incarcerated as a result of a previous conviction before the enhanced penalty may be imposed. *See* §§ 286(d)(3) & (e) and §§ 643B(b) & (c). Section 293(b), which permits the imposition of an enhanced penalty if the defendant is convicted of "a second or subsequent offense," also identifies the sequence in which the enhancing act and the principal offense must occur, by explicitly providing that "an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has been at any time convicted of any offense or offenses or under this subheading."

525 A.2d at 633; *Hawkins v. State,* 302 Md. at 147, 486 A.2d at 181. If the statute is clouded by ambiguity or obscurity, however, we must consider "not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment," in our attempt to discern the construction that will best further the legislative objectives or goals. *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730, 732 (1986); *see also State v. Bricker,* 321 Md. at 93, 581 A.2d at 12; *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465, 468 (1988). In doing so, the words of the statute must be "read in light of the full context in which they appear, and in light of external manifestations of intent or general purpose available through other evidence." *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989).

To interpret the language of a statute in full context, we consider the statute's "general history and [the] prevailing mood of the legislative body with respect to the type of criminal conduct involved." *Randall Book Corp. v. State,* 316 Md. 315, 327, 558 A.2d 715, 721 (1989); *see also Cunningham v. State,* 318 Md. at 185, 567 A.2d at 127. Interpretation of the language of this statute in full context further requires that § 286(c) be read in conjunction with the other subsections of § 286 so that we may give effect to the whole statute and harmonize all of its provisions. *See Williams v. State,* 329 Md. 1, 15–16, 616 A.2d 1275, 1282 (1992) (Court must discern "legislative intent from the entire statutory scheme, as opposed to scrutinizing parts of a statute in isolation."); *see also Jones v. State,* 311 Md. at 405, 535 A.2d at 474; *Blandon v. State,* 304 Md. 316, 319–22, 498 A.2d 1195, 1197–98 (1985). Additionally, § 286(c) must be construed in light of the construction we have previously given to similarly worded enhanced penalty statutes, as "statutes that deal with the same subject matter, share a common purpose, and form part of the same system are *in pari materia* and must be construed harmoniously in order to give full effect to each enactment." *State v. Loscomb,* 291 Md. 424, 432, 435 A.2d 764, 768 (1981). As we stated in *State v. Bricker,* "[i]t is presumed that the

General Assembly acted with full knowledge of prior legislation and intended statutes that affect the same subject matter to blend into a consistent and harmonious body of law." 321 Md. at 93, 581 A.2d at 12 (citations omitted).

■ Finally, as a highly penal statute, § 286(c) must be "strictly construed so that only punishment contemplated by the language of the statute is meted out." *Dickerson v. State,* 324 Md. at 172, 596 A.2d at 652 (citations omitted); *see also Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 497 (1971) ("[R]ule of lenity" requires court to construe any "ambiguity concerning the ambit of criminal statutes . . . in favor of lenity."); *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463, 466 (1991) (§ 286(d) is highly penal and must be strictly construed); 3 C. Sands, *Sutherland on Statutory Construction* § 59.03 at 102–03 (5th ed. 1992) ("[W]here there is doubt concerning the severity of the penalty prescribed by a statute, a milder penalty over a harsher one will be favored."). As we explained in *Monoker v. State,* 321 Md. 214, 582 A.2d 525 (1990), in the context of sentencing,

The policy behind the rule [of lenity] is "that the Court will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended."

*Id.* at 222, 582 A.2d at 529 (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958)).

With these well settled rules of statutory construction in mind, we turn to our task of ascertaining the precise application of § 286(c).

## IV.

■ Section 286(c) provides that a defendant who is convicted of violating either subsection (b)(1) or (b)(2) or conspiracy to violate either of those subsections must be sentenced to

ten years without parole [9] "if the person previously has been convicted" under those sections of the law. The statute is clear that a "previous conviction" subjects a defendant to the enhanced penalty. Section 286(c) is unclear, however, as to when the conviction for the earlier offense must have been entered for it to be considered a "previous" conviction such that the enhanced penalty applies.

Gargliano contends that the word "previously" in § 286(c) means "prior to the commission of the principal offense" while the State argues that "previously" means "prior to sentencing on the principal offense." In support of his contention that § 286(c) should be interpreted such that a defendant "previously has been convicted" only if the defendant was convicted of the prior offense before the principal offense was committed, Gargliano asserts that enhanced penalties are typically applied only to defendants who have been convicted of an offense, have had the opportunity to reform their behavior, and thereafter commit additional criminal offenses. The interpretation of § 286(c) proffered by the State, and which the intermediate appellate court below adopted, is that a defendant "previously has been convicted" when a conviction exists at the time of sentencing on the principal offense. If the statute is interpreted in this manner, the sequence in which the enhancing act and the principal offense occur is irrelevant. The dispute over the proper interpretation of "previously has been convicted" ultimately resolves itself into a dispute over whether the statute was intended to apply only to defendants who fail to reform their behavior after a prior conviction or whether it was intended to apply to all defendants who amass multiple convictions.

 As we stated above, § 286(c) does not define what is meant by the phrase "previously has been convicted." We find that both interpretations of the phrase that have been

---

**9.** Although not relevant in the case *sub judice*, the only possibility for parole under § 286(c) is pursuant to Article 31B, § 11, which relates to parole for persons confined for treatment at the Patuxent Institution. *See* § 286(c)(2).

proffered are reasonable and, consequently, that § 286(c) is ambiguous. As such, we must look beyond the words of the statute and to other evidence of legislative intent to determine which interpretation of the two best furthers the legislative object or goals. *See, e.g., Tucker v. Fireman's Fund Ins. Co.,* 308 Md. at 75, 517 A.2d at 732; *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 311, 407 A.2d 738, 743 (1979); *Comptroller v. Mandel Re-election Com.,* 280 Md. 575, 579, 374 A.2d 1130, 1132 (1977). We now proceed to examine the legislative history of § 286(c) to determine what "evils or mischief" prompted the enactment of this provision. *State v. Fabritz,* 276 Md. 416, 421, 348 A.2d 275, 278 (1975).

## A.

Mandatory penalties for two time offenders under § 286 were first enacted in 1982 and appeared as subsections (b)(1), (b)(2) and (b)(3). 1982 Laws of Maryland, Ch. 470. As enacted, each subsection provided that "[a]ny person who has previously been convicted under this paragraph shall be sentenced to imprisonment for not less than ten years." [10] The Legislature, aware that a disproportionately small number of drug offenders may be responsible for the commission of a large number of crimes, *see Testimony Summary,* SB 447, 1982 Legislative Session, enacted those subsections in order to "impos[e] mandatory sentences for persons previously convicted of certain offenses relating to the manufacture or distribution of controlled dangerous substances." 1982 Laws of Maryland, Ch. 470. As with the present version of the statute, the phrase "has previously been convicted" was not defined in § 286 as it existed in 1982.

---

**10.** Subsections (b)(1), (b)(2) and (b)(3) each provided for enhanced penalties for an individual who had "previously been convicted" of a similar offense. Subsection (b)(1) related to violations involving Schedule I or II narcotic drugs; subsection (b)(2) related to violations involving specified Schedule I drugs; and subsection (b)(3) related to violations involving any other controlled dangerous substances.

Section 286 was amended in 1988 to provide for even greater penalties for third and fourth convictions.[11] At that time, subsections (d) and (e) were added to § 286 and subsections (b)(1) and (b)(2) were recodified as subsection (c) without substantial change.[12] As recodified, subsections (c), (d) and (e) form a comprehensive scheme of graduated mandatory penalties for repeat offenders. *See* 1988 Senate Judicial Proceedings Committee, *Bill Analysis*, HB 606 (outlining graduated penalties of §§§ 286(c), (d) & (e)). Subsection (c), mandating a sentence of at least ten years for a defendant who previously has been convicted of a similar offense, is commonly referred to as a "two-time loser" penalty. Subsection (d) of § 286 mandates a penalty of not less than 25 years for a "three-time loser," an individual who "previously has served at least one term of confinement of at least 180 days in a correctional institution as a result of a conviction of a previous violation ... and has been convicted twice, where the convictions do not arise from a single incident."[13] If an individual "previously

---

11. Prior to 1988, every defendant who was convicted of violating § 286 as a repeat offender, regardless of the number of previous convictions that had been accumulated, was subject to an identical enhanced penalty: any subsequent conviction under § 286(b)(1) or (b)(2) subjected the offender to an enhanced penalty of ten (10) years, while any subsequent conviction under § 286(b)(3) was punishable by an enhanced penalty of two (2) years.

12. The only change occurring with the 1988 recodification was to make the enhanced penalty applicable to a prior conviction of any Schedule I *or* II offense. *See* 1988 Senate Judicial Proceedings Committee, *Floor Report*, HB 606, at 2:

> Testimony indicated that under current law, the subsequent offense has to be for the same type of controlled dangerous substance offense, but under the bill, the subsequent offense can be any of the controlled dangerous substances in Schedules I or II, which are narcotic drugs or PCP.

13. Subsection (d)(1) provides in full:

> (d)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for the term allowed by law, but, in any event, not less than 25 years if the person previously:

has served 3 separate terms of confinement as a result of 3 separate convictions," the "four-time loser" provision of § 286(e) applies and an enhanced sentence of not less than 40 years is mandated.[14]

We have reviewed the entire legislative history of § 286 and have not discovered any discussion of the meaning of the phrase, "previously has been convicted," in either the House

---

 (i) Has served at least 1 term of confinement of at least 180 days in a correctional institution as a result of a conviction of a previous violation of this section or § 286A of this article; and

 (ii) Has been convicted twice, where the convictions do not arise from a single incident:

 (1) Under subsection (b)(1) or subsection (b)(2) of this section;

 (2) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section;

 (3) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State; or

 (4) Of any combination of these offenses.

 (2) Neither the sentence required under paragraph (1) of this subsection nor any part of it may be suspended, and the person may not be eligible for parole except in accordance with Article 31B, § 11 of the Code.

 (3) A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding offense.

**14.** Subsection (e) provides in full:

 (e)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for the term allowed by law, but, in any event, not less than 40 years if the person previously has served 3 separate terms of confinement as a result of 3 separate convictions:

 (i) Under subsection (b)(1) or subsection (b)(2) of this section;

 (ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section;

 (iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State; or

 (iv) Of any combination of these offenses.

 (2) Neither the sentence required under paragraph (1) of this subsection nor any part of it may be suspended, and the person may not be eligible for parole except in accordance with Article 31B, § 11 of the Code.

Judiciary Committee or the Senate Judicial Proceedings Committee or on the floor of either body of the legislature during the enactment of any of the relevant amendments to § 286. The clear import of the language used throughout § 286 is that the Legislature sought to impose more stringent penalties on certain offenders who repeatedly persist in a pattern of criminal conduct. From the sparse legislative history available, however, we cannot conclusively determine whether the General Assembly sought to subject all individuals who commit multiple offenses to the enhanced penalty or whether it sought to impose the statutory penalty only upon the narrower class of persons who have not responded to the restraining influence of conviction and punishment and thereafter continue to commit criminal acts.

## B.

This is not the first time that we have had to discern the Legislature's intent in enacting an enhanced penalty statute. *See, e.g., Taylor v. State,* 333 Md. 229, 235–36, 634 A.2d 1322, 1325 (1993) (§ 643B(c) ambiguous as to whether defendant is entitled to parole or suspension of sentence imposed); *Jones v. State,* 324 Md. at 38, 595 A.2d at 466 (§ 286(d) ambiguous as to length of time individual must have actually been confined); *Malcolm v. State,* 314 Md. 221, 234–35, 550 A.2d 670, 676 (1988) (language of then § 286(b)(2) ambiguous with respect to whether defendant who has met predicate requirements for application of statute could be granted parole if sentenced to greater than 10 years); *Montone v. State,* 308 Md. 599, 615–16, 521 A.2d 720, 728 (1987) (§ 643B(b) ambiguous as to whether prior convictions must be separated by intervening periods of incarceration); *see also Taylor v. State,* 333 Md. at 236, 634 A.2d at 1325 (language of § 643B(b) termed "patently inartful," *citing Calhoun v. State,* 46 Md.App. 478, 489–90, 418 A.2d 1241, 1249 (1980), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981) and *Davis v. State,* 76 Md.App. 775, 783, 548 A.2d 183, 186 (1988), *cert. denied,* 314 Md. 496, 551 A.2d 867 (1989)). When called upon to construe similar enhanced penalty statutes, we have repeatedly stated that the general purpose of such statutes is to deter the future commission of criminal offenses

by persons who have previously been convicted and subject to the threat of punishment. *See, e.g., Jones v. State,* 324 Md. at 38, 595 A.2d at 466; *Montone v. State,* 308 Md. at 606, 521 A.2d at 723;. *see also Hawkins v. State,* 302 Md. at 148, 486 A.2d at 182; *Garrett v. State,* 59 Md.App. 97, 118, 474 A.2d 931, 941, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984).

For instance, in *Jones v. State* we held that the plain language of § 286(d) evinced a legislative intent "that those who received the enhanced punishment had been accorded a fair chance at rehabilitation in the prison system and had not responded." *Jones v. State,* 324 Md. at 38, 595 A.2d at 466. In construing § 643B(b),[15] which is substantially similar to § 286(e) in mandating an additional penalty for an individual who "previously has served three separate terms of confinement in a correctional institution," we found that the plain import of that statutory language was a legislative intent to "identify individuals incapable of rehabilitation and lock them up forever." *Montone v. State,* 308 Md. at 613, 521 A.2d at 727. In *Montone,* we explained:

> The picture that emerges is a statute specifically designed to identify and target a unique class of people so that they may be permanently exiled from our free society. These are the violent criminals who have been exposed to the correctional system three distinct times, who have refused to conform their conduct to societal standards, and who, instead, have demonstrated violent criminal behavior after each encounter with the correctional system, thus evidencing the futility of any hope for their rehabilitation.

308 Md. at 606, 521 A.2d at 723. There, we also cited with approval the following statement from the Supreme Court of Nebraska:

---

**15.** Section 643B(b) provides in pertinent part:

(b) *Mandatory Life Sentence*—Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced, on being convicted a fourth time of a crime of violence, to life imprisonment, without the possibility of parole. Regardless of any other law to the contrary, the provisions of this section are mandatory.

> Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders.... They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment. It is the *commission* of the second felony *after conviction* for the first, and the *commission* of the *third* felony *after conviction* of the second that is deemed to make the defendant an incorrigible.

*Montone v. State*, 308 Md. at 609, 521 A.2d at 725 (citations omitted) (*quoting State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391, 394 (1983) (emphasis in original)).

As noted by the United States Supreme Court, enhanced penalty statutes "impose a higher punishment for the same offence upon one who proves, by a second or third conviction, that the former punishment has been ineffacious in doing the work of reform for which it was designed." *Moore v. Missouri*, 159 U.S. 673, 677, 16 S.Ct. 179, 181, 40 L.Ed. 301, 303 (1895) (citation omitted). In construing Maryland enhanced penalty statutes similar to § 286(c), we have found that such statutes were enacted with the purpose of identifying defendants who have not reformed their behavior after prior convictions and incarcerating such defendants for a longer period than would otherwise be applicable in order to protect the community and deter others from similar behavior. *See, e.g., Jones v. State*, 324 Md. at 38, 595 A.2d at 466; *Montone v. State*, 308 Md. at 606, 521 A.2d at 723; *see also Garrett v. State*, 59 Md.App. at 118, 474 A.2d at 941, *cert. denied*, 300 Md. 483, 479 A.2d 372 (1984). The means for achieving such deterrence is the provision of fair warning to previous offenders that if they continue to commit criminal acts after having had the opportunity to reform after one or more prior contacts with the criminal justice system, they will be imprisoned for a considerably longer period of time than they were subject to as first offenders.

Absent a clear statement of legislative intent to the contrary, we adhere to our previous determinations of legislative

intent with regard to similar statutes—that the Legislature intended to "protect the public ... and to deter repeat offenders from perpetrating other criminal acts ... under the threat of an extended period of confinement"—and find that the Legislature had the same intent in enacting § 286(c). *Hawkins v. State,* 302 Md. at 148, 486 A.2d at 182. An enhanced penalty statute will best deter future criminal conduct when the defendant is made aware that the subsequent commission of criminal acts will be more harshly punished. Where, as here, the defendant has not been convicted of an earlier offense, and thereby warned about the enhanced consequences of future criminal conduct, prior to the commission of the principal offense, the imposition of an enhanced penalty is not warranted. We therefore hold that § 286(c) is applicable only if the defendant has been convicted of an earlier offense prior to the commission of the principal offense.[16]

## C.

The rule in most jurisdictions with enhanced penalty statutes is that the prior conviction must precede the *commission*

---

**16.** We find that this interpretation of § 286(c) is also most consistent with the general requirement that criminal statutes be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable and what the penalty for such conduct might be *before* the criminal conduct is committed. As explained by the Supreme Court of Louisiana in construing a similar enhanced penalty statute:

Traditional American principles of criminal responsibility of an individual for his conduct do not permit the state to convert a formal charge against him for a less serious offense into a charge for a more serious offense on the legal basis of a change of status or other incident which occurs *after* the initial offense charged. Criminal conduct ordinarily subjects an individual to the imposition of criminal penalties applicable to the act at the time it is committed.

*State v. Neal,* 347 So.2d 1139, 1141 (La.1977) (emphasis in original). The court continued:

The increase of punishment for second and subsequent offenders presupposes that the prior punishment has not resulted in rehabilitation. If a second conviction is allowed for an offense occurring before the first conviction, we have done away with the rehabilitation concept we have found implicit in recidivist statutes.

*Id.* at 1142. *See also People v. Nees,* 200 Colo. 392, 615 P.2d 690, 693 (1980).

of the principal offense, and, thus, our interpretation of
§ 286(c) is in accord with the clear majority rule.[17] Although
the wording of these enhanced penalty statutes varies from
state to state, most states that have considered the issue
before us have held that an enhanced penalty is warranted
*only* if the defendant was convicted of an earlier offense prior
to the *commission* of the principal offense.[18] Generally,

---

**17.** Decisions from other states consistent with our interpretation include cases in which it has been held that the earlier conviction must have been obtained prior to the commission of the principal offense where a statute provides that the defendant must have "previously been convicted" or "convicted of a prior offense" for an enhanced penalty to apply, *see, e.g., State v. Rastopsoff,* 659 P.2d 630, 634–41 (Alaska Ct.App.1983); *People v. Rojas,* 206 Cal.App.3d 795, 798–802, 253 Cal. Rptr. 786, 788–91 (1988); *People v. Nees,* 200 Colo. 392, 615 P.2d at 692–93; *State v. Ahakuelo,* 5 Haw.App. 205, 683 P.2d 400, 403 (1984); *State v. Hollins,* 310 N.W.2d 216, 217 (Iowa 1981); *State v. Wilson,* 6 Kan.App.2d 302, 627 P.2d 1185, 1187–89, *aff'd,* 230 Kan. 287, 634 P.2d 1078 (1981); *Bray v. Commonwealth,* 703 S.W.2d 478, 480 (Ky.1986); *People v. Morse,* 62 N.Y.2d 205, 476 N.Y.S.2d 505, 465 N.E.2d 12, 20–21 (1984); *State v. Gehrke,* 474 N.W.2d 722, 726 (S.D.1991); *State v. Delgado,* 825 S.W.2d 744, 746 (Tex.Ct.App.1992); *State v. Brezillac,* 19 Wash.App. 11, 573 P.2d 1343, 1346 (1978); where a statute is worded such that a defendant having prior convictions and "subsequently convicted" of another offense is subject to the greater penalty, *see, e.g., Buckingham v. State,* 482 A.2d 327, 330–331 (Del.1984); *Dye v. Skeen,* 135 W.Va. 90, 62 S.E.2d 681, 688–89 (1950); where a statute provides that the defendant must be "convicted a second or subsequent time," *see, e.g., Mays v. State,* 262 Ga. 90, 414 S.E.2d 481, 482 (1992); *State v. Felton,* 194 Kan. 501, 399 P.2d 817, 820–22 (1965); *People v. Stewart,* 441 Mich. 89, 490 N.W.2d 327; 328–30 (1992); *State v. Ellis,* 214 Neb. 172, 333 N.W.2d at 392–94; and where a statute states that a defendant who "commits a second or subsequent offense" is subject to an enhanced penalty, *see, e.g., State v. Garcia,* 91 N.M. 664, 579 P.2d 790, 791–92 (1978). *See also* Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty Under Habitual Offender Statutes,* 7 A.L.R.5th 263 (1992 & 1994 Supp.); Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense Under Habitual Criminal Statute,* 24 A.L.R.2d 1247 (1952), *superseded by* 7 A.L.R.5th 263 (1992).

**18.** In other states following the majority rule, the language of the particular habitual criminal statutes explicitly requires that the prior conviction precede the commission of the principal offense. *See, e.g., Ex Parte Peterson,* 466 So.2d 984, 987 (Ala.1984); *State v. Wright,* 198 Conn. 273, 502 A.2d 911, 913 n. 2 & 917, n. 5 (1986); *Miller v. State,* 275 Ind. 454, 417 N.E.2d 339, 342 (1981); *People v. Preuss,* 436 Mich.

courts following the majority rule share in our view that statutes which impose more severe penalties upon repeat offenders are intended to warn criminals of the consequences of persistent criminal conduct and to punish those who fail to take advantage of the opportunity to reform. As explained by the Kansas Supreme Court in *State v. Woodman*, 127 Kan. 166, 272 P. 132 (1928):

> [I]t is a salutary provision of law that criminals who the law's discipline has hitherto failed to reform by prior convictions and punishment should form a class of defendants to be more severely punished than first offenders.

127 Kan. 166, 272 P. at 134. Similarly, as stated in *Morgan v. Commonwealth*, 170 Ky. 400, 186 S.W. 132 (1916),

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon any one, except the incorrigible one, who, after being reproved, "still hardeneth his neck." If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

170 Ky. 400, 186 S.W. at 133 (citation omitted).

Although we recognize that courts in other jurisdictions have construed similar statutes in the manner advocated by the State and held that an enhanced penalty may be imposed when the prior conviction occurs after the commission of the principal offense,[19] we find that our construction of the stat-

---

714, 461 N.W.2d 703, 705–07 (1990); *Fitzgerald v. State*, 722 S.W.2d 817, 821 (Tex.Ct.App.1987), *aff'd*, 782 S.W.2d 876 (Tex.Crim.App.1990); *State v. Wittrock*, 119 Wis.2d 664, 350 N.W.2d 647, 649 (1984).

**19.** *See, e.g., Cornwell v. United States*, 451 A.2d 628, 629–30 (D.C.1982); *Rucks v. State*, 201 Ga.App. 142, 410 S.E.2d 206, 208 (1991); *State v. Craig*, 117 Idaho 983, 793 P.2d 215, 216–17 (1990); *People v. Hooker*, 96 Ill.App.3d 202, 51 Ill.Dec. 800, 803, 421 N.E.2d 308, 311 (1981); *Haynes v. State*, 520 So.2d 1367, 1370 (Miss.1988); *State v. Williamson*, 218 Mont. 242, 707 P.2d 530, 532 (1985); *State v. Hawks*, 114 N.J. 359, 554 A.2d 1330, 1332–34 (1989); *State v. McCullers*, 77 N.C.App. 433, 335 S.E.2d 348, 350 (1985); *Green v. State*, 784 P.2d 1360, 1364–65 (Wyo.1989). In some states following the minority rule, the relevant

ute—that the previous conviction relied upon for enhancement purposes must precede the commission of the principal offense—is in accord with the clear majority rule as well as the better reasoned cases and is most consistent with our prior interpretations of Maryland enhanced penalty statutes similar to § 286(c).

## V.

Finally, we note that while there is no evidence that the State delayed charging Gargliano with the December 1989 and January 1990 offenses so as to ensure that the mandatory penalty of § 286(c) would apply upon conviction of the December 1990 offense, we would be hesitant to construe the statute such that the State could, by the simple expedient of delaying the arrest or charging of an offense, manipulate the application of the statutory enhanced penalty. By requiring the prior conviction to precede commission of the principal offense, we assure uniformity and certainty in the application of § 286(c) and "eliminate[ ] any temptation on the part of the state to play games with the scheduling of an arraignment, or a sentencing in order to obtain an enhancement." *State v. Gehrke*, 474 N.W.2d 722, 726 (S.D.1991); *see also Deal v. United States*, 508 U.S. ——, ——, 113 S.Ct. 1993, 2003, 124 L.Ed.2d 44, 56 (1993) (Stevens, J., dissenting) (noting potential for prosecutorial manipulation of enhanced penalty statute); *People v. Rojas*, 206 Cal.App.3d at 802, 253 Cal.Rptr. at 791 (construction of enhanced penalty statute avoids possibility of prosecutorial manipulation).

---

statutes expressly provide that any conviction obtained prior to sentencing on the principal offense triggers an enhanced penalty. *See, e.g., State v. Wade*, 467 N.W.2d 283, 285 (Iowa 1991). In other jurisdictions with similar statutes, the express legislative statement of timing has followed a prior judicial decision in accord with the majority rule. *See, e.g., State v. Dixon*, 126 Ariz. 613, 617 P.2d 779, 784 (Ct.App.1980); *State v. Barnes*, 595 So.2d 22, 23–24 (Fla.1992); *State v. Pugh*, 536 So.2d 492, 494 n. 1 (La.App.1988); *State v. Mallory*, 329 N.W.2d 60, 62–63 (Minn.1983).

 Although we hold today that a conviction obtained after the commission of the principal offense does not trigger the imposition of a statutory enhanced penalty, we emphasize that evidence of other offenses and convictions obtained prior to sentencing remain within the wide scope of matters that the trial judge may consider in fashioning an appropriate sentence for a particular defendant. *See Logan v. State,* 289 Md. 460, 480–81, 425 A.2d 632, 643 (1981); *Bartholomey v. State,* 267 Md. 175, 193–194, 297 A.2d 696, 706 (1972). As we explained in *Bartholomey v. State,*

> [T]o aid the sentencing judge in fairly and intelligently exercising the discretion vested in him, the procedural policy of the State encourages him to consider information concerning the convicted person's reputation, past offenses, health, habits, mental and moral propensities, social background and any other matters that a judge ought to have before him in determining the sentence that should be imposed.

267 Md. at 193, 297 A.2d at 706; *see also Johnson v. State,* 274 Md. 536, 542, 336 A.2d 113, 116 (1975). A defendant's prior offenses and prior convictions are, of course, among those factors which the trial judge may take into consideration when imposing sentence.

In the area of statutory enhanced penalties, however, when we are uncertain whether the Legislature intended to authorize the imposition of an enhanced penalty in a particular situation, the presumption must be that the Legislature did not intend to do so. Accordingly, we hold that the enhanced penalty mandated by § 286(c) may be imposed only where the principal offense is committed after the defendant has been convicted of an earlier offense. Gargliano's sentence for the principal offense, distribution of cocaine, could not be enhanced under § 286(c) by his prior convictions for distribution of cocaine because those convictions were entered after the commission of the principal offense. Because the trial judge in the case *sub judice* relied upon convictions obtained after the commission of the principal offense in imposing the man-

datory penalty of § 286(c), we vacate that sentence and remand the matter for resentencing.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO VACATE THE SENTENCE IMPOSED AND REMAND THIS CASE TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR FURTHER SENTENCING PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY WICOMICO COUNTY.*