No. 85-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

 Plaintiff and Respondent,

 -vs-

RICHARD MELVIN WILLIAMSON,

 Defendant and Appellant.

_____

APPEAL FROM: District Court of the First Judicial District,
 In and for the County of Lewis & Clark,
 The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

  Cannon & Sheehy; Edmund F. Sheehy, Jr., Helena,
  Montana

 For Respondent:

  Hon. Mike Greely, Attorney General, Helena, Montana
  Mike McGrath, County Attorney, Helena, Montana
  Carolyn Clemens, Deputy County Atty., Helena

_____

 Submitted on briefs: July 25, 1985

 Decided: October 9, 1985

Filed: OCT 9 1985

_____
 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the First Judicial District, State of Montana, in and for the County of Lewis and Clark, the Honorable Gordon R. Bennett presiding. The appeal is from an order denying withdrawal of a guilty plea on charges of theft and arson. We affirm.

The appellant, Williamson, was charged in 1983 with the offense of arson alleged to have been committed on January 11, 1983; and with the charge of theft, alleged to have occurred between January 10 and February 12, 1983. The theft charge was filed prior to the filing of the arson information. After numerous pre-trial proceedings, the arson charge was set for trial May 31, 1983, and the theft charge was set for June 30, 1983.

Williamson was represented on both of these cases by Richard J. Pyfer, Esq. Mr. Pyfer filed a motion to dismiss and a motion to suppress some evidence developed in the arson case. These motions were heard May 11, 1983. The trial court denied the motions but gave Williamson's counsel an opportunity to submit additional memorandum on the arguments being raised in both motions. Thereafter the District Court noted no such additional memorandum were ever filed with the court. On or about May 23, 1983, the court entered its order denying the motion to dismiss and the motion to suppress in the arson case. Prior to that time, there had been no discussion between the county attorney's office and defense counsel with regard to a plea bargain.

On or about May 23, 1983, defense counsel was approached by the county attorney with regard to the trial, which was set within the week. After some discussion, the county attorney advised counsel that if the appellant would enter a guilty plea to both felony charges, the State would

2

forego seeking increased punishment against him as a persistent felony offender. In exchange for the guilty plea, the State also said it would ask for a ten year sentence on each charge to run concurrently. Williamson's counsel approached him with the State's offer. Williamson was advised of the plea bargain on or about May 25, 1983, and requested that the county attorney come to him personally with his counsel to discuss the plea bargain. He alleged at that time the county attorney, in his discussion of the plea bargain, said if he did not change his plea by 10:00 a.m. the next morning, which was the time set to select a jury for the arson case, the plea bargain would not be offered at a later date. Williamson, after full discussion with his counsel, Pyfer, and the County Attorney, McGrath, did agree on May 26, 1983, to the plea bargain and Williamson changed his plea to guilty.

The District Court, on July 27, 1983, sentenced the appellant on both charges on the basis of his guilty plea. Williamson received ten years on the theft charge; and on the arson charge he received twenty years with ten years suspended, on the condition that he would pay $36,000 in restitution for the arson.

Williamson then sought sentence review from the Montana Sentence Review Board. His application was denied and he filed with this Court a pro se petition for post-conviction relief. At the same time, in July 1984, Williamson filed a pro se motion in the District Court to withdraw his plea. This Court on August 31, 1984, entered an order holding the petition for post-conviction relief in abeyance until the District Court ruled on Williamson's motion to withdraw his guilty plea.

New counsel was appointed by the District Court for Williamson to represent him on this motion to withdraw his

3

guilty plea. On November 30, 1984, the District Court held a full hearing on the motion to withdraw the guilty plea, and on February 12, 1985, the court entered its order and opinion denying the motion to withdraw the guilty plea. It is from this order of the District Court that Williamson is appealing.

The sole issue presented in this case is whether the District Court erred in denying the motion to withdraw Williamson's guilty plea. The appellant, in his pro se motion to withdraw the guilty plea argues he was coerced into entering it and was not given effective assistance of counsel at the time this matter was argued.

The coercion argument stemmed from Williamson's testimony that he entered into the guilty plea to avoid the increased punishment for being a persistent felony offender. Five years prior to the charges that he faced in this cause, he had been sentenced to a ten year prison term. Appellant alleges his counsel, Mr. Pyfer, advised him the State could notice him as a persistent felony offender, which advice was erroneous. The testimony at the hearing on the withdrawal of the plea indicated Mr. Pyfer told Williamson at the time the plea bargain was made he was not certain and would consult more experienced counsel. However, after researching the statute, counsel agreed at a later hearing held with the county attorney and the district judge, the appellant could not have been charged as a persistent felon due to the statute's five-year limitation.

Williamson contends the plain language of the statute, § 46-18-501, MCA, was misconstrued by his original counsel, Mr, Pyfer, the county attorney's office, and the District Court. Section 46-18-501, MCA, reads as follows:

> A "persistent felony offender" is an
> offender who has previously been
> convicted of a felony and who is

4

presently being sentenced for a second felony committed on a different occasion than the first. An offender is considered to have been previously convicted of a felony if:

(1) The previous felony conviction was for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;

(2) Less than 5 years have elapsed between he commission of the present offense and either:

(a) the previous felony conviction; or

(b) the offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction; and

(3) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside in a postconviction proceeding.

It is Williamson's position that having entered a guilty plea to the theft charges, and then pleading guilty to the arson charges, he could not be found a persistent felony offender because the two felonies were committed at approximately the same time and his pleas were entered at the same time.

The State's position is the statute's definition of a "persistent felony offender" is not wholly consistent with the statute's definition of "previously convicted" and thus the rules of statutory construction require that the statute be read and construed in its entirety. State ex rel Cashmore v. Anderson (1972), 160 Mont. 175, 500 P.2d 921, cert. denied, 410 U.S. 931, 93 S.Ct. 1372, 35 L.Ed.2d 593. The State submits that this is precisely what Judge Bennett did, and hence no abuse of discretion could be shown.

The substantive argument revolves around the terms "commission" and "conviction" of prior and subsequent felonies, which was clearly summarized and decided in Judge Bennett's order:

5

The prisoner urges that 46-15-501 be construed to ban the use of the statute where the second offense was committed prior to the conviction on the first one. If construction of the statute is required, it must be, if at all possible, construed in favor of the defendant. The statutory definition of the term is crystal clear and needs no construction: "A 'persistent felony offender' is an offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first." (46-18-501) This definition, standing alone, would not permit the question now raised by the prisoner. It simply requires a past conviction and sentencing on a subsequent one. . .

But then the same statute goes on to define a previous felony conviction. It first defines a felony, which is totally unnecessary (see 45-2-101(21)), and then it defines "previous" by limitation: it isn't previous if more than five years elapsed between the commission of the crime for which a sentence is being imposed and the previous felony conviction. The prisoner argues that he has, under this statute, a sort of "window of opportunity." He can commit all manner of felonies between the time be commits his first felony and his conviction therefor and be immune from persistent felony designation because the five year clock doesn't start running until after the first conviction. There is no evidence in the statute, or anyplace else, that the legislature intended to provide such an open season.

We have often held, the rules of statutory construction dictate that legislation must be read as a whole in order to ascertain legislative intent. The most recent holding on this issue is State v. Magnuson (Mont. 1984), 682 P.2d 1365 at 1369, 41 St.Rep. 1121 at 1125.

Finally, appellant buttresses his argument with a vague and unsupported attempt to distinguish "different occasions" from "the same time frame." The statute speaks clearly of two felonies being committed on different occasions, which are the facts in this case. Appellant defines "occasions" as "time frames" without the burden of any authority. The trial

6

judge characterized this terminology as "deriving from the Watergate hearings" and refused "to open another window of opportunity under the statute."

In his argument appellant cites three recent cases of this Court covering our latest holdings on the problem of a prosecutor's notice of intention to increase punishment to a defendant pursuant to Montana's persistent felony offender statute. State v. Seitzinger (1979), 180 Mont. 136, 589 P.2d 655; State v. Johnson (1978), 179 Mont. 61, 585 P.2d 1328; and State v. Sather (1977), 172 Mont. 428, 564 P.2d 1306.

In this case, we find there is no dispute that the appellant was told from the outset the persistent felony offender designation would be sought if no bargain could be struck. In addition, there is no dispute he was free at all times to accept or reject this offer. Although appellant attempts to generate some confusion and to attribute to the State an improper motive, it is clear the State did nothing improper in refusing to give the persistent felony offender notice until after the appellant had been convicted of the first felony, the felony in which he entered a plea.

Throughout appellant's retaliation argument he confuses bargaining with coercion. Both this Court and the United States Supreme Court have explicitly rejected this type of argument:

> "Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of bargaining process. By hypothesis, the plea may have been induced by promises of a recommendation of a lenient sentence or reduction of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial."

Johnson, 179 Mont. at 69, 585 P.2d at 1333.

Finally as to appellant Williamson's allegation performance of his original defense counsel, Mr. Pyfer was not within "the range of competence demanded of attornys in criminal cases" we cite State v. Rose (1980), 187 Mont 74, 86, 608 P.2d 1074, 1081. The standards clearly indicate Mr. Pyfer's actions were within the range set forth in Rose, supra. Mr. Pyfer consulted with other criminal counsel regarding the question of a persistent felony designation and did all things properly to defend this man who faced serious criminal charges. We note this was not the first time appellant graced the county courthouse doors in his activities as an offender. The record indicates Mr. Pfyer did everything possible to investigate and advise the appellant before he entered his pleas of guilty. It is interesting to note that in his current brief appellant makes no effort to address the issue of Mr. Pyfer's performance as measured by the State v. Rose standard. He has failed to show Mr. Pyfer's counseling was inadequate or incompetent or that the trial judge abused his discretion in not granting the withdrawal of his pleas.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8