FILED

February 18 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0280

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 39

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARGARET SUSAN ANDERSON,
MARGARET "PEGGY" ALMENDINGER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC-2007-107
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender, Koan Mercer, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs:  January 7, 2009

Decided:  February 18, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Margaret Susan Anderson (Anderson) appeals the judgment of the Third Judicial District Court sentencing her as a "persistent felony offender" (PFO). We affirm.

**ISSUE**

¶2     A restatement of the issue on appeal is:

¶3     Did the District Court correctly sentence Anderson as a persistent felony offender?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4     Anderson worked as a deputy treasurer for Powell County, Montana, for over eight years. In mid-May 2007, she confessed to committing forgery in November 2004 and October 2005, and tendered her resignation. Over the next several days, it was brought to the attention of authorities that Anderson had told various people she had also embezzled money from the treasurer's office. This prompted an investigation which eventually revealed that Anderson had embezzled approximately $250,000 over seven years.

¶5     In June 2007, while the embezzlement investigation proceeded, an Information was filed charging Anderson with felony forgery and a misdemeanor charge. She pled guilty to these charges on August 7, 2007, and was sentenced to a three-year suspended sentence.

¶6     Subsequently, in consensual interviews with the Powell County Sheriff on October 10 and October 12, 2007, Anderson described how she embezzled county and state funds. On October 19, 2007, the State filed an Information charging Anderson with felony embezzlement. On November 5, 2007, the State issued notice of its intent to seek

2

treatment of Anderson as a PFO based on her August 7, 2007 felony forgery conviction. Anderson entered a guilty plea to felony embezzlement on January 22, 2008, and on April 11, 2008, was sentenced to twenty-five years at the Montana Women's Prison with fifteen years suspended. The written sentence was amended in June 2008 to accurately reflect the sentencing court's oral pronouncement and to indicate that Anderson's sentence was enhanced under the PFO statute. Anderson filed a timely appeal of the court's decision to treat her as a PFO.

## STANDARD OF REVIEW

¶7      We review criminal sentences that include at least one year of actual incarceration for legality only. Our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. This determination is a question of law; as such, our review is de novo. *State v. Rosling*, 2008 MT 62, ¶ 59, 342 Mont. 1, 180 P.3d 1102 (citation omitted).

## DISCUSSION

¶8      *Did the District Court correctly sentence Anderson as a PFO?*

¶9      Section 46-18-501, MCA, defines persistent felony offender as follows:

A "persistent felony offender" is an offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first. An offender is considered to have been previously convicted of a felony if:
        (1) the previous felony conviction was for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;

3

> (2) less than 5 years have elapsed between the commission of the present offense and either:
>> (a) the previous felony conviction; or
>> (b) the offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction; and
>> (3) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside in a postconviction hearing.

¶10 The case before us raises the question of whether a defendant can be sentenced as a PFO when she had no felony convictions *at the time she committed* her second felony. Anderson argues that linguistically the statute requires that a defendant have a felony conviction on her record at the time she commits her second felony. She opines that given the definition of "previous" and its location in the statute, the correct interpretation is that she had to have been convicted of a felony "previous" to committing her second felony. She maintains that by the time she received her first felony conviction for forgery in August 2007 she had already completed the conduct that constituted her second felony, i.e., embezzlement that had ceased in May 2007, and therefore she is not eligible for PFO status. Anderson asserts that the two cases in which this Court has held otherwise, *State v. Hamm*, 250 Mont. 123, 818 P.2d 830 (1991), and *State v. Williamson*, 218 Mont. 242, 707 P.2d 530 (1985), are "manifestly wrong" and should be overturned.

¶11 The State counters that the plain language of the statute unambiguously defines offenders who commit a second felony before being convicted of their first felony as persistent felony offenders. It furthers asserts that *Hamm* and *Williamson* correctly interpreted the plain language of the statute and are not "manifestly wrong"; therefore this Court must follow them as precedent under the doctrine of stare decisis.

4

¶12 In *Williamson*, Williamson was charged with arson alleged to have been committed on January 11, 1983, and with theft alleged to have occurred between January 10 and February 12, 1983. *Williamson*, 218 Mont. at 243, 707 P.2d at 530-31. He eventually pled guilty to both charges and was sentenced. He later moved to withdraw his guilty pleas and the district court denied his motion. The issue on appeal was whether the district court erred in denying the motion to withdraw his pleas. *Williamson*, 218 Mont. at 244, 707 P.2d at 531. Analysis of this issue, however, led this Court to discuss the application of the PFO statute. Williamson argued that his sentence could not be enhanced by the PFO statute because both of his crimes were committed at approximately the same time and his guilty pleas were entered at the same time; therefore, there was no "previous" felony conviction. In affirming the district court's conclusion that the PFO statute was applicable to such a case, we quoted extensively from the district court's opinion which stated:

> The prisoner urges that 46-15-501 be construed to ban the use of the statute where the second offense was committed prior to the conviction on the first one. If construction of the statute is required, it must be, if at all possible, construed in favor of the defendant. The statutory definition of the term is crystal clear and needs no construction: "A 'persistent felony offender' is an offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first." (46-18-501) This definition, standing alone, would not permit the question now raised by the prisoner. It simply requires a past conviction and sentencing on a subsequent one . . .
>
> But then the same statute goes on to define a previous felony conviction. It first defines a felony . . . and then it defines "previous" by limitation: it isn't previous if more than five years elapsed between the commission of the crime for which a sentence is being imposed and the previous felony conviction. The prisoner argues that he has, under this statute, a sort of "window of opportunity." He can commit all manner of felonies between the time he commits his first felony and his conviction

5

therefore and be immune from persistent felony designation because the five year clock doesn't start running until after the first conviction. There is no evidence in the statute, or any place else, that the legislature intended to provide such an open season.

*Williamson*, 218 Mont. at 246, 707 P.2d at 532-33.

¶13 Several years later, this question arose again in *Hamm*, and relying on *Williamson*, we affirmed the district court's application of the PFO statute to Hamm's sentence. Hamm raped a woman on February 7, 1989, and was convicted of this rape on August 17, 1989. Prior to his conviction and while he was out on bail for the February rape, he raped another woman on March 19, 1989. The district court concluded that, in accordance with the PFO statute, March 19, 1989, the date of the second rape, was clearly within five years of August 17, 1989, the date Hamm was convicted of the first rape. *Hamm*, 250 Mont. at 131, 818 P.2d at 834-35.

¶14 *Hamm* and *Williamson* unequivocally stand for the rule that the PFO statute can be used to enhance a sentence when the second felony was committed before conviction of the first felony. Clearly, all of Anderson's continuous embezzlement activities that occurred between August 2002 and her resignation in May 2007 were conducted within five years of her forgery conviction in August 2007.

¶15 Moreover, we are not persuaded by Anderson's argument that allowing PFO sentence enhancement based on a second felony committed before conviction of the first felony is the minority rule and the majority of other jurisdictions hold otherwise. Had the Legislature intended to restrict the application of the statute in the manner suggested by Anderson, it certainly could have done so at the time it passed the legislation, or it could

have amended the statute after *Williamson* or *Hamm* were decided. It did neither. Additionally, our cursory review of other states' statutes reveals the use of distinguishable language. For example, New York requires "that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony." N.Y. Penal Law § 70.10 (Consol. 2008). In Tennessee, a "prior conviction" for purposes of the PFO statute is "a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced." Tenn. Code Ann. § 40-35-107 (2008). The Kentucky PFO statute is similarly expressly limited in application. Ky. Rev. Stat. Ann. § 532.080 (2008). These examples illustrate that a legislature may choose to unequivocally convey that a second or subsequent felony must follow a conviction of a prior felony for the PFO statute to apply. Montana did not adopt such limiting language. The language utilized by the Montana Legislature clearly defines a PFO as an offender who has previously been convicted of a felony and who is presently being sentenced to a second felony committed on a different occasion than the first. We interpret such plain language to allow PFO status for an offender who commits her second felony before being convicted of her first.

## CONCLUSION

¶16 For the foregoing reasons, we conclude that the District Court did not err in sentencing Anderson as a PFO.

/S/ PATRICIA COTTER

7

We concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART