FILED

04/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0364

DA 22-0364

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 90

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

SHANE MEDORE MAGGI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC-21-14
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Chad Wright, Appellate Defender, Joshua James Thornton, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      Kathryn McEnery, Powell County Attorney, Patrick J. Moody, Special
Deputy County Attorney, Deer Lodge, Montana

Submitted on Briefs:  February 21, 2024

Decided:  April 30, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Shane Maggi (Maggi) was convicted of aggravated assault, a felony in violation of § 45-5-202, MCA; assault with a weapon, a felony in violation of § 45-5-213, MCA; and possession of a deadly weapon by a prisoner, a felony in violation of § 45-8-318, MCA. At sentencing, the Third Judicial District Court, Powell County, declared Maggi a persistent felony offender[1] and used that simultaneous designation to impose a sentence enhancement to life in prison on the aggravated assault charge. Maggi appeals.

¶2 As to the aggravated assault offense, we reverse and remand to the District Court for a new sentencing consistent with the aggravated assault statute, § 45-5-202, MCA.

¶3 We restate the issue on appeal as follows:

*Did the District Court err when it imposed a life sentence under § 46-18-220, MCA, for aggravated assault when Maggi had not previously been designated to be a persistent felony offender?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 On January 19, 2019, Maggi and another Montana State Prison (MSP) inmate attacked Wesley Smith in his cell. Maggi beat and stabbed Smith with a broken pen, causing puncture wounds to his body as well as a fractured facial bone.

¶5 The State charged Maggi with Count I—Aggravated Assault, Count II—Assault with a Weapon, and Count III—Possession of a Deadly Weapon, all alleged to have been

---

[1] A persistent felony offender is an offender "who has previously been convicted of two separate felonies and who is presently being sentenced for a third felony committed on a different occasion than either of the first two felonies." Additionally, at least one of the three felonies must be a sexual or violent offense. Section 46-1-202(18), MCA.

committed while Maggi was in official detention at MSP. In the State's information and two subsequent amended informations, the State provided notice as to the sentence enhancements it would seek related to the offenses being committed while Maggi was in official detention—life imprisonment for the aggravated assault charge under § 46-18-220, MCA, and consecutive sentences for all the charged offenses to Maggi's underlying sentence pursuant to § 46-23-217, MCA. Prior to the omnibus hearing, the State also filed a notice of its intent to designate Maggi as a persistent felony offender—seeking "persistent felony offender status for [Maggi] for the [] counts charged in the above-captioned matter[.]" In its first motion to amend the information, the State indicated it continued to "seek the Persistent Felony Offender designation for Counts II and III," but did not again mention its intent to seek persistent felony offender status in its second motion to amend.

¶6 A jury trial was held December 6-9, 2021. The jury found Maggi guilty of all three counts and found Maggi committed the offenses while in official detention as an inmate at MSP.

¶7 At sentencing, the State asserted the District Court was required to sentence Maggi to life imprisonment on Count I—Aggravated Assault pursuant to § 46-18-220, MCA, because the offense occurred while Maggi was an inmate at MSP. The State sought concurrent 100-year sentences on the remaining two offenses and advocated all three sentences should run consecutive to the sentences Maggi was currently serving. The District Court sentenced Maggi to life imprisonment with no time suspended and no parole restrictions for the aggravated assault, 15-years to MSP for the assault with a weapon; and

3

10-years to MSP for the possession of a deadly weapon by a prisoner. The court's reasoning for the sentences was based on the violent nature of the offense, Maggi's extensive criminal history involving violent felonies, and Maggi's qualification for a life sentence under § 46-18-220, MCA. According to § 46-23-217, MCA, the court ordered each sentence to be served consecutively to the others and consecutive to Maggi's prior sentences, except for his Powell County sentence in cause number DC-20-30 to which his sentences ran concurrently.

## STANDARD OF REVIEW

¶8 We review criminal sentences for legality. *State v. Keefe*, 2021 MT 8, ¶ 10, 403 Mont. 1, 478 P.3d 830. "Our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes." *State v. Anderson*, 2009 MT 39, ¶ 7, 349 Mont. 245, 203 P.3d 764. We review this determination de novo as it presents a question of law. *State v. Running Wolf*, 2020 MT 24, ¶ 7, 398 Mont. 403, 457 P.3d 218.

## DISCUSSION

¶9 *Did the District Court err when it imposed a life sentence for aggravated assault under § 46-18-220, MCA, for aggravated assault when Maggi had not previously been designated to be a persistent felony offender?*

¶10 Section 46-18-220, MCA, requires compliance with Title 46, Chapter 18, Part 3 (Death Penalty) for life sentences. Section 46-18-220, MCA, provides an offender convicted of aggravated assault "shall, if the provisions of 46-1-401 have been complied

4

with, be sentenced to death *or life imprisonment* as provided in 46-18-301 through 46-18-310." Section 46-18-220, MCA (emphasis added). When a defendant is found guilty of an offense for which the death penalty may be imposed,[2] the court must conduct a separate hearing to consider all aggravating and mitigating circumstances to determine what sentence to impose. Section 46-18-301, MCA. Under § 46-18-303(3)(b), MCA, aggravated assault committed while in official detention is an aggravating circumstance—implicating a penalty enhancement—if the offender "has been *previously* found to be a persistent felony offender . . . and one of the convictions was for an offense against the person . . . for which the minimum prison term is not less than 2 years." Section 46-18-303(3)(b), MCA (emphasis added).

¶11 The aggravating circumstances listed in § 46-18-303, MCA, are enhancing acts, omissions, or facts. Section 46-1-401, MCA. A court may not impose a penalty enhancement unless "the enhancing act, omission, or fact was charged in the information . . . with a reference to the statute or statutes containing the enhancing act, omission, or fact and the penalty for the enhancing act, omission, or fact," and "if the case was tried before a jury, the jury unanimously found in a separate finding that the enhancing act, omission, or fact occurred beyond a reasonable doubt." Section 46-1-401(1)(a), (b), MCA.

---

[2] Which includes committing an aggravated assault while in official detention by an offender who has previously been found to be a persistent felony offender. Section 46-18-303(3)(b), MCA.

¶12 Maggi argues the District Court applied § 46-18-220, MCA, incorrectly. Maggi asserts that because he had not previously been found to be a persistent felony offender, the court did not have authority to declare him a persistent felony offender and simultaneously use that newly found designation as the aggravating circumstance to enhance the penalty for the aggravated assault charge—from a 20-year maximum potential sentence to life imprisonment. Citing *Running Wolf*, Maggi asserts, for the court to have the authority to impose a life sentence for aggravated assault under § 46-18-220, MCA, a defendant, must have previously—prior to the proceeding in which he is currently being sentenced—been found to be a persistent felony offender as required by § 46-18-303(3)(b), MCA. We agree.

¶13 "A statute must be construed according to its plain meaning, and if the language is clear and unambiguous, then no further interpretation is required." *Engellant v. Engellant (In re Estate of Engellant)*, 2017 MT 100, ¶ 11, 387 Mont. 313, 400 P.3d 218. Based on the plain language of § 46-18-303(3)(b), MCA, a defendant must have been *previously* declared a persistent felony offender, prior to the defendant's subsequent, present felony conviction for which the offender is being sentenced, to count as an aggravating circumstance. This is consistent with our holding in *Running Wolf* where we held the plain language of the persistent felony offender statute "expressly requires the existence of a felony conviction before the commission of the principal offense, i.e., the next felony

6

offense, upon which a valid [persistent felony offender] designation is based."[3] *Running Wolf*, ¶ 17. As we observed in *Running Wolf*, the persistent felony offender definition effectuates the fundamental purposes of offender reform and fair warning upon which enhanced penalty statutes are premised. *Running Wolf*, ¶ 26. "[E]nhanced penalty statues [] provide *fair warning* to offenders that if they continue to commit criminal acts after having the opportunity to reform following one or more prior contacts with the criminal justice system, they will be imprisoned for a longer period of time." *Running Wolf*, ¶ 26 (emphasis in original). Where, as here, Maggi was not previously designated to be a persistent felony offender, he "has not been warned about enhanced consequences of future criminal conduct prior to the commission of the principal offense, [so that] the enhanced penalty should not be imposed." *Running Wolf*, ¶ 26. Therefore, as we held in *Running Wolf*, we again conclude a sentencing court cannot simultaneously designate a defendant as a persistent felony offender and then use that designation in the same sentencing to enhance the defendant's sentence.

---

[3] We note the *Running Wolf* Court interpreted the definition of "persistent felony offender" as defined in § 46-18-501, MCA (2015). The legislature has since amended the persistent felony offender statutes in 2017, which repealed § 46-18-501, MCA (2015), and incorporated a new definition of "persistent felony offender" by reference to § 46-1-202(18), MCA. However, the 2017 amendment did not alter the pertinent language defining a persistent felony offender as an offender who has previously been convicted of a felony and who is presently being sentenced for a subsequent felony committed on a different occasion than the first. Rather, the 2017 amendment specified that the offender must be being sentenced for a third, rather than a second, felony and that at least one of the three felonies must be a sexual or violent offense. Thus, the amendments do not negate the application of *Running Wolf* here.

7

¶14 Here, prior to sentencing on the current offenses, Maggi had not previously been designated a persistent felony offender, despite having a criminal history which would have supported such a designation. At sentencing, the District Court found Maggi met the requirements to be designated a persistent felony offender under § 46-1-202(18), MCA, and, in essence, designated him a persistent felony offender. The District Court then incorrectly used its simultaneous designation to enhance Maggi's sentence in the same sentencing. To impose a life sentence for aggravated assault, there must have been an aggravating circumstance, or enhancing act. As noted above, aggravated assault committed while in official detention is only an aggravating circumstance if the offender was *previously* designated a persistent felony offender. Maggi was never previously designated a persistent felony offender. As such, no aggravating circumstances were present to issue an enhanced life sentence for aggravated assault. As the District Court designated Maggi a persistent felony offender and incorrectly simultaneously used that designation to enhance his sentence for the same felony conviction, we must reverse and remand to the District Court for resentencing.

¶15 Finally, we note the court did not err when it ordered Maggi's sentences to run consecutively to all prior sentences but his Powell County matter DC-20-30. Section 46-23-217, MCA, states "a prisoner who commits a crime while imprisoned in a state prison . . . and who is convicted and sentenced for the crime shall serve the sentence consecutively with the remainder of the original sentence."

**CONCLUSION**

¶16     With regard to the aggravated assault offense, we reverse and remand for a new sentencing.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE